﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 180718-951
DATE: March 31, 2020

ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include depressive disorder and post-traumatic stress disorder (PTSD), is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran has an acquired psychiatric disability, to include depressive disorder and PTSD, that began during active service, or is otherwise related to an in-service event, injury, or disease.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disability, to include depressive disorder or PTSD, are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in March 2018. In March 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from August 1969 to March 1970. The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the March 2018 AMA rating decision considered the evidence of record within 30 days of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested a hearing before the Board. The Veteran testified before the undersigned at an October 2019 hearing.

The Veteran initially filed a claim for service connection for PTSD. However, in Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), the United States Court of Appeals for Veterans Claims clarified how the Board should analyze claims for PTSD and other acquired psychiatric disabilities. As emphasized in Clemons, a veteran’s claim “cannot be limited only to that diagnosis, but must rather be considered a claim for any mental disability that may be reasonably encompassed.” Id. Accordingly, the Board has re-characterized the issue as shown on the title page.

Entitlement to service connection for an acquired psychiatric disorder, to include depressive disorder and post-traumatic stress disorder (PTSD)

The Veteran contends that he has PTSD due to in-service stressors related to personal assaults experienced while he was held in custody following an unauthorized period of absence without leave.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

With regard to PTSD, service connection for PTSD requires: (1) medical evidence establishing a diagnosis of the disorder; (2) credible supporting evidence that the claimed in-service stressor occurred; and (3) a link established by medical evidence, between current symptoms and an in-service stressor. See 38 C.F.R. § 3.304(f); Cohen v. Brown, 10 Vet. App. 128, 139 (1997). The PTSD diagnosis must be made in accordance with the criteria of Diagnostic and Statistical Manual of Mental Disorders (DSM-5). See 38 C.F.R. § 4.125(a).

There are special considerations for PTSD claims predicated on a personal assault. The pertinent regulation, 38 C.F.R. § 3.304(f)(5), provides that PTSD based on a personal assault in service permits evidence from sources other than a veteran’s service records which may corroborate his or her account of the stressor incident. Examples of such evidence include but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. 38 C.F.R. § 3.304(f)(5).

Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance, substance abuse, episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 38 C.F.R. § 3.304(f)(5).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a current diagnosis of a depressive disorder and the record shows conflicting evidence of a current PTSD diagnosis, the preponderance of the evidence is against finding the Veteran has a current psychiatric disability that is related to a stressor during active service, to include the claimed in-service personal assault.

Regarding the Veteran’s current diagnosis, the Veteran’s VA treatment records show a current diagnosis of recurrent major depressive disorder and posttraumatic stress disorder (PTSD) by a VA clinical psychologist in October 2017 with an assessment based on the DSM-5 criteria. A February 2018 VA examination contradicts this finding and diagnosed the Veteran with only a depressive disorder. The examiner accepted the Veteran’s claimed stressor as adequate to support a PTSD diagnosis, but his symptoms did not meet the criteria for a PTSD diagnosis under the DSM-5. Though the evidence surrounding the Veteran’s PTSD diagnosis is conflicted, these pieces of evidence both show that the Veteran has a current diagnosed depressive disorder.

The Veteran claims his current condition is the result of stressors in service, specifically assaults he suffered and violence against others that he witnessed while he was a prisoner in the brig at Naval Station Treasure Island following a period of absence without leave. The Veteran has offered several personal statements and testimony before the Board describing these events, but as previously noted, the record must also contain credible supporting evidence that the claimed stressor occurred.

The Veteran’s service records show that he entered service in August 1969, and his July 1969 pre-induction examination noted no pre-existing conditions. After completing his sixth week of training, the Veteran was sent to the hospital for a minor surgical operation. This was followed by a period of emergency leave. The Veteran failed to return at the appointed time and was absent without leave for 75 days from November 1969 to January 1970. He was placed on restriction for 30 days, after which he was provided a psychiatric evaluation. This evaluation stated that he failed to return from emergency leave because of trouble at home with his wife and children. Due to these troubles, he stated he felt he was unable to tolerate the mental or physical strain of recruit training. Based on this account, the evaluating psychiatrist found that the Veteran’s demonstrated emotional inconsistency and intolerance of stress made it unlikely he would be an effective trainee. Though the Veteran’s depressed mood was noted, the psychiatrist provided no diagnosis of any psychiatric condition. The Veteran was then discharged from service based on inaptitude during training and failure to maintain a good disciplinary record.

Following service, the Veteran has indicated that his marriage ended, and he attempted suicide due to depression he attributes to his assault in service. He was then homeless for 35 years. Though these reports are repeated in medical treatment records, there is no corroborating evidence in the record to support the Veteran’s accounts. Both the October 2017 VA treatment assessment and February 2018 VA examination accepted the Veteran’s reported stressor as adequate to support a diagnosis of PTSD; however, both examiners noted that the accounts of the stressors were based entirely on self-reporting provided by the Veteran without any corroborating evidence.

Viewing the Veteran’s claim in the context of his service treatment records, there is evidence of emotional distress during service. This emotional distress appears to have begun before the Veteran was in custody, as he reported to in his psychiatric assessment prior to discharge that he failed to report for duty after his period of emergency leave because of issues relating to his home life and family. Based on the sequence of events, the only evidence of disciplinary issues in the Veteran’s service records predates his claimed assault while in custody. Though the Veteran has claimed he suffered from more severe symptoms after discharge, there is no evidence in the record from the time following his discharge, and the earliest post-service medical records in the Veteran’s file are from 30 years after his discharge. Though the general timeline of the Veteran’s account of service is supported by his service records, there is no supporting evidence corroborating that the claimed assaults occurred. Therefore, the evidence is not sufficient to support a claim for entitlement to service connection for PTSD.

As previously noted, the Veteran has also been diagnosed with a depressive disorder by both his treating psychologist and the February 2018 VA examiner. The VA treatment records that provide this diagnosis do not include a specific nexus opinion related to this diagnosis or provide any statements specifically relating the Veteran’s depressive disorder to military service.

The February 2018 VA examiner opined that the Veteran’s depressive disorder is less likely than not related to the stressors that the Veteran reported he experienced during his military service. Based on the examiner’s interview and review of the Veteran’s files, the examiner noted that the Veteran has a depressed mood, but other potential symptoms such as impaired sleep and social isolation are related to other causes. Specifically, impaired sleep was attributed to the Veteran’s diagnosed sleep apnea. The Veteran also indicated he would like to engage in more leisure and social activities, but he is unable to because of his wife’s medical care needs. These medical needs also motivated him to retire from his job in August 2017. The examiners’ reports are competent and credible, as the reports were based on reviews of the Veteran’s medical records and in-person examinations of the Veteran and are therefore entitled to significant probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board acknowledges that the Veteran believes his psychiatric disability is related to his reported in-service stressors. The Veteran in this case is not competent to provide a nexus opinion regarding this issue. The issue is medically complex and requires a specialized knowledge of clinical psychology to diagnose and assess. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the February 2018 VA examiner’s opinion.

For these reasons, the Board finds the preponderance of the evidence is against finding the Veteran’s acquired psychiatric disability, to include PTSD and depressive disorder, is related to service. Though the evidence shows a current diagnosis of a depressive disorder and is split regarding a diagnosis of PTSD, the record lacks corroborating evidence of the personal assault claimed as the Veteran’s stressor adequate to meet the requirements of 38 C.F.R. § 3.304(f). Though this requirement does not apply to the Veteran’s depressive disorder disability, the only probative medical opinion of record addressing the nexus between this disability and military service found it was less likely than not that the condition is related to stressors during service. Therefore, the benefit-of-the-doubt doctrine does not apply, and service connection for the Veteran’s acquired psychiatric disability, to include depressive disorder and PTSD, is not warranted. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Pitman, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.